UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OPELTON KELLY,

      Petitioner,

  v.

DAVID L. BERGH,

      Respondent.
                                 /

CASE NO. 2:07-CV-13259
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #9)

I.     RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion to dismiss (docket #5).

II.     REPORT:

A.     *Procedural Background*

Petitioner Opelton Kelly is a state prisoner, currently confined at the Alger Maximum Correctional Facility in Munising, Michigan. Petitioner is serving a sentence of life imprisonment without possibility of parole imposed as a result of his 1992 conviction for first degree murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree murder following a jury trail in the Wayne County Circuit Court. On June 19, 1992, a judgment of sentence was entered, sentencing petitioner to a mandatory term of life imprisonment without parole.

- At the trial, the trial judge recorded the instructions given to the jury and allowed the jury to take the tape into the jury room. After trial, however, the tapes of the jury instructions could not be located. On November 19, 2003, a different judge held an

evidentiary hearing regarding the missing tapes. At that hearing, the trial judge and his two court reporters testified that they did not know what had happened to the tapes.

- Petitioner appealed as of right to the Michigan Court of Appeals. The court of appeals rejected petitioner's claims and affirmed his conviction on June 20, 1995. *See People v. Kelly*, No. 156088 (Mich. Ct. App. June 20, 1995) (per curiam).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application in a standard order on June 18, 1996. *See People v. Kelly*, 451 Mich. 931, 550 N.W.2d 537 (1996).

- On December 11, 2003, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on January 29, 2004.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on April 7, 2005. *See People v. Kelly*, No. 257073 (Mich. Ct. App. Apr. 7, 2005).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on November 29, 2005. *See People v. Kelly*, 474 Mich. 934, 706 N.W.2d 20 (2005).

- Petitioner filed a second motion for relief from judgment in the trial court. On September 26, 2006, the trial court rejected the motion as a prohibited second motion under MICH. CT. R. 6.502(G).

- Petitioner filed an application for leave to appeal from this decision, which was denied in a standard order on December 28, 2006. *See People v. Kelly*, No. 274728 (Mich. Ct. App. Dec. 28, 2006)

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on June 26, 2007. *See People v. Kelly*, 478 Mich. 925, 733 N.W.2d 47 (2007).

On July 31, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner raises four claims relating to the trial court's

---

[1] Although petitioner's application is file-stamped August 6, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988).

denial of his motion for relief from judgment. Respondent filed a motion for summary judgment on February 14, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on March 17, 2008. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.  *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

---

Petitioner's application is dated July 31, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on July 31, 2007.

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1).

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the ordinary starting provision of subparagraph provides the appropriate starting date, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, the Michigan Supreme Court denied petitioner's application for leave to appeal on June 18, 1996, and his conviction became final 90 days later when his time for seeking *certiorari*

---

*See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

in the United States Supreme Court expired. Thus, the limitations began to run on September 16, 1996 and expired one year later, on September 16, 1997, absent any tolling. Because petitioner did not file his petition until July 31, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's first motion for relief from judgment was filed in the trial court on December 11, 2003. At this time, the limitations period had been expired for over six years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).

Petitioner does not dispute this calculation of the limitations period. However, he does argue that pursuant to § 2244(d)(1)(D) the limitations period should not commence until October 5, 2007, the date on which he discovered new evidence in support of his claim. At trial, the court tape recorded the jury instructions, and informed the jury that the taped instructions would be available for its use during deliberations. *See* Trial Tr., dated 5/27/92, at 933, 975-79. During deliberations, the jury sent a note to the court requesting clarification on aiding and abetting on the underlying

felony of larceny. *See* Pet.'r's Resp., Ex. C. The jury note also stated: "Aiding and abetting is not covered on your tapes." *Id*. The court did not immediately respond to the request, attempting to reach counsel for a response and researching the matter itself. In the interim, the jury reached a verdict. Prior to receiving the verdict, the trial judge noted that it had reviewed the tapes, and that he had indeed instructed the jury on aiding and abetting and found the aiding and abetting instruction on the tape. The trial judge specifically noted the exact location of the aiding and abetting instruction on the tape. *See* Trial Tr., dated 6/1/92, at 4-5. Neither the prosecutor nor defense counsel indicated any objection to the trial court's handling of the matter. *See id*. at 5-6.

In connection with petitioner's appeal, on June 4, 1993, petitioner's appellate attorney requested a copy of the tapes from the trial court clerk. *See* Pet'r's Resp., Ex. D. On June 28, 1993, the clerk responded that the tapes were not part of the court file, and that because the trial judge was no longer on the bench the clerk could not ascertain where the tapes may be located. *See id*., Ex. E. Petitioner then filed a motion for new trial and to settle the record. The trial court held a hearing on the motion on November 19, 1993. At the hearing, the trial judge and both of his court reporters testified. The court reporters testified that they had no personal knowledge concerning the contents of the tapes, and did not know what had happened to them. *See* Hr'g Tr., dated 11/19/93, at 5-7, 10-11. One of the court reporters testified that only the court's final instructions were recorded; the court's preliminary instructions to the jury were not recorded. *See id*. at 7. Richard Cunningham, the trial judge, also testified at the hearing. He testified that he did not have any independent recollection of petitioner's trial, but that it was his general practice to record final instructions to the jury and provide the tapes to the jury. He also testified that he did not as a matter of practice record preliminary instructions to the jury. *See id*. at 13-15. The court denied the motion for new trial or

to settle the record, concluding that the record was complete and that the missing tapes were a "non-issue." *Id*. at 31. Appellate counsel did not pursue this matter further in connection with petitioner's direct appeal in the Michigan Court of Appeals, but petitioner did raise the issue in his application for leave to appeal to the Michigan Supreme Court.

On September 28, 2005, petitioner sent a letter to Linda Cavanagh, one of the court reporters, requesting a copy of the taped jury instructions. *See* Pet'r's Br., Ex. G. In a letter dated October 5, 2005, Cavanagh responded:

> In regards to your request for the tape-recorded jury instructions which were provided to the jury during their deliberations, please be advised that these tapes are no longer in existence. The judge at the time of your trial, Judge Richard Cunningham, who, by the way, is no longer a judge, routinely tape-recorded jury instructions and would provide the tapes to the jury in the event they needed to rehear the instructions. The tapes were then reused for subsequent jury trials. However, whatever was contained in the tape-recorded instructions is accurately reflected in your trial transcript of which I am sure either you or you attorney have a copy.

*Id.*, Ex. H. Petitioner then filed his second motion for relief from judgment, arguing that Cavanagh's letter constituted newly discovered evidence in support of his claim. The trial court rejected that motion as a second motion pursuant to MICH. CT. R. 6.502(G).

In his habeas application, petitioner brings four claims, all of which purport to challenge the trial court's rejection of his second motion for relief from judgment. In his opposition to respondent's motion for summary judgment, petitioner argues that Cavanagh's October 5, 2005, letter constitutes newly discovered evidence which marks the commencement of the limitations period under § 2244(d)(1)(D). Specifically, petitioner contends that the letter shows that the trial judge committed perjury at the post-conviction hearing by testifying that he retained all of the tapes upon which he recorded jury instructions, and that Cavanagh committed perjury by testifying at that

7

hearing that she had no knowledge of what had happened to the tapes. The Court should reject this argument, for two reasons.

First, Cavanagh's letter does not constitute newly discovered evidence triggering a delayed starting date under § 2244(d)(1)(D). This provision requires a court "to review the 'factual predicate' of petitioner's claims and determine whether they could have been discovered prior to when his conviction became final." *Sierra v. Evans*, No. 98-6040, 1998 WL 712578, at *2 (10th Cir. Oct. 13, 1998). Further, this provision "does not postpone the accrual of limitations based on a *pro se* litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999). In short, the operative inquiry is whether the facts themselves, rather than the legal import of or evidence supporting them, could not have been discovered through the exercise of reasonable diligence. *See United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (Gadola, J.); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000).

As one court has observed, "[t]his provision . . . runs from the date a petitioner [or movant] is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." *Youngblood v. Greiner*, No. 97 Civ. 3289(DLC), 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998). And, as the Fifth Circuit has explained, "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Flanagan v.*

8

*Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *accord Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001).

Petitioner provides no basis for concluding that the factual predicate of his claim was unknown to him earlier. Petitioner purports to base his claim on the trial court's rejecting of his motion for relief from judgment. However, any errors in connection with the handling of that motion provide no basis for habeas relief. Nothing in the Constitution requires a state to establish a system of postconviction review, and thus "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (internal quotation omitted); *accord Dawson v. Snyder*, 988 F. Supp. 783, 826 (D. Del. 1997) (citing *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) and *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992)). Thus, petitioner's entitlement to relief depends solely on the underlying claim that he was denied a fair trial because the taped instructions given to the jury did not accurately reflect the instructions actually given. The facts supporting this claim, however, were well known to petitioner shortly after the trial, and were the basis for his motion for new trial and the claim he raised in the Michigan Supreme Court. The reason for their unavailability–whether they were recorded over or simply lost–is immaterial to the merit of petitioner's constitutional claim relating to the jury instructions, and thus Cavanagh's letter provides no new evidence to support the claim. Thus, Cavanagh's letter provides no basis to delay the commencement of the limitations period under § 2244(d)(1)(D). Further, even if Cavanagh's letter constitutes new evidence, the basis for the claim was still available to petitioner shortly after trial. As noted above, it is immaterial that petitioner may not have had evidence to support his claim. Because petitioner had available to him all of the facts necessary to support his claims, there is no

9

basis for invoking § 2244(d)(1)(D) to delay the commencement of the limitations period. *See Owens v. Boyd*, 235 F.3d 356, 359-60 (7th Cir. 2001).

Second, even assuming that Cavanagh's letter provides a delayed commencement of the limitations period under § 2244(d)(1), petitioner's application is nevertheless untimely. If Cavanagh's letter commenced the limitations period on October 5, 2005, the limitations period ran for 349 days until September 19, 2006, when plaintiff filed his second motion for relief from judgment. At that point, the limitations period was tolled under § 2244(d)(2), with 16 days remaining. The tolling ended and the limitations period restarted on June 26, 2007, when the Michigan Supreme Court denied petitioner's application for leave to appeal.[3] Petitioner filed his habeas application 35 days later on July 31, 2007, rendering his petition untimely by 19 days. Thus, even if petitioner were given the benefit of a delayed commencement based on Cavanagh's letter, his petition is nevertheless untimely.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion to dismiss and should dismiss the petition.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

---

[3]In *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc), the Sixth Circuit held that a prisoner is also entitled to tolling under § 2244(d)(2) for the 90 day period in which he could seek *certiorari* in the United States Supreme Court. *See id.* at 172-73. The Supreme Court, however, has now rejected that interpretation of § 2244(d)(2), concluding that a petition for *certiorari* is not part of the state collateral review for which tolling is available under § 2244(d)(2). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-85 (2007). *Lawrence* was decided on February 20, 2007, well before the Michigan Supreme Court denied petitioner's application for leave to appeal, and thus there is no unfairness in applying the rule of *Lawrence*.

10

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 8/28/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.
>
> s/Eddrey Butts
> Case Manager